Argued January 3; reversed February 13, 1946

# SHAW *v.* HAYDEN ISLAND AMUSEMENT CO.
### (166 P. (2d) 128)

Before ROSSMAN, Acting Chief Justice, and KELLY,
BAILEY, LUSK, BRAND and HAY, Associate Justices.

*Randall B. Kester,* of Portland (with Maguire, Shields & Morrison and Arthur C. Spencer, Jr., all of Portland, on the brief), for appellant.

*J. Robert Patterson,* of Portland (with Milton R. Klepper, of Portland, on the brief), for respondent.

KELLY, J.

There is but one question to determine upon this appeal and that is whether the action of the trial court in giving an instruction upon the doctrine of *res ipsa loquitur* constituted prejudicial, and therefore reversible, error.

We think that the doctrine of *res ipsa loquitur* is not applicable to the facts in this case.

Plaintiff testified that after entering the premises of defendant corporation which was operating an amusement park, in approaching the entrance where the tickets of admittance were sold, her foot was caught in a hole in the pavement resulting in a fall that caused the personal injuries to her upon which this case is based.

Plaintiff described the hole giving its approximate dimensions and estimated depth. Plaintiff also presented testimony disclosing that for about two weeks before her accident the hole had been upon defendant's premises. Plaintiff testified that, if she had looked

where she stepped, she would have seen the hole and would not have fallen.

From these facts, it is obvious that the cause of plaintiff's injury was not under the exclusive control or knowledge of defendant.

■ The proper rule applicable to the facts herein was given in his instructions to the jury by the trial judge as follows:

> "* * * the defendant is required or it was his duty to maintain the premises in a reasonably safe condition, and if it had known of a defect or had knowledge of a defect which was dangerous or unsafe, or if the defect existed for such length of time that an ordinarily careful and prudent person would have discovered the defect, and (defendant) failed to make the repairs or correct it, then you may find that it (defendant) was negligent."

■■ This rule of law is inconsistent with the rule applicable to cases where the doctrine of *res ipsa loquitur* applies. That doctrine is applicable only to cases where not only the premises upon which an injury is sustained, but also the cause of the accident is within the exclusive control of defendant, and when the accident is such as in the ordinary course of things does not happen if those who have management use proper care.

■ Upon the issue whether defendant had notice of the alleged defect in the pavement or whether such defect had existed for such a length of time that an ordinarily careful and prudent person would have discovered it, the testimony is of such a nature that reasonable minds might differ. It is therefore conceivable that a jury hesitant upon deciding that issue from the testimony would take recourse in the instruction

of the court invoking the principle of *res ipsa loquitur* which may carry with it an inference of negligence from the mere happening of the accident.

For this reason, we are of the opinion that giving the challenged instruction upon the doctrine of *res ipsa loquitur* constituted prejudicial, and therefore reversible, error.

This cause is reversed and remanded for such further proceedings as are consistent herewith.